UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARVARUS COOPER,
    Petitioner,

v.                                                           Case No. 8:21-cv-2482-KKM-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Tarvarus Cooper, a Florida prisoner, filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his state-court convictions for armed robbery and kidnapping. (Doc. 4.) Having considered the amended petition, (*id.*), the response in opposition, (Doc. 8), the reply, (Doc. 9), and the parties' supplemental briefs, (Docs. 16–18), the amended petition is denied. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

This case arises from a string of robberies committed by Cooper and his co-defendants in the early morning hours of July 30, 2011. (Doc. 8-2, Ex. 11, at 658–715.) Cooper was convicted after a jury trial and sentenced to a mandatory term of life imprisonment as a prison releasee reoffender. (*Id.*, Ex. 18, at 1–2, 12–13.) His direct appeal was unsuccessful, as was his attempt to seek postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Exs. 22–30; *see also Cooper v. State*, 199 So. 3d 266 (Fla. 2d DCA 2016); *Cooper v. State*, 317 So. 3d 1132 (Fla. 2d DCA 2021).)

Cooper next turned to federal court. His § 2254 petition raises a single claim—that trial counsel was ineffective for failing to advise him to accept a thirty-year plea offer. (Doc. 4 at 6; Doc. 4-3 at 4.) According to Cooper, counsel "knew or should have known" that the case against him was "overwhelming," and that "acceptance of the state's plea offer was in his best interest." (Doc. 4-2 at 1.) Yet counsel allegedly failed to inform Cooper of these facts. (*Id.*) Instead, counsel advised Cooper that "the offer was for too many years and that they had a real solid chance of winning at trial." (*Id.*) As a result, Cooper proceeded to trial, was found guilty, and received a life sentence. (Doc. 4-3 at 8–9.) Cooper contends that, but for counsel's allegedly deficient performance, he "would have accepted the state's plea offer of thirty [] years' imprisonment." (*Id.* at 10.)

Cooper correctly concedes that his ineffective assistance claim is procedurally defaulted because he failed to raise it in state court.[1] (*Id.* at 11.) This means that he cannot obtain relief "unless [he] can demonstrate cause for the default and actual prejudice, or that he is actually innocent." *Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013). Cooper seeks to excuse the default under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that a petitioner may establish cause for the default of a claim of ineffective assistance of trial counsel where (1) "in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective," and (2) the defaulted claim is a "substantial one," meaning that

---

[1] In his Rule 3.850 motion, Cooper argued that trial counsel was ineffective for failing to (1) investigate certain witnesses, (2) depose one of Cooper's co-defendants and impeach her with letters she sent him in the county jail, and (3) review a crime scene photograph with Cooper before trial. (Doc. 8-2, Exs. 22, 24, 28.) Cooper did not raise any claims concerning a plea offer from the state. (*Id.*)

2

it "has some merit." *Martinez*, 566 U.S. at 14, 17. A claim is "insubstantial" if it is "wholly without factual support." *Id.* at 16.

*Martinez* does not excuse the default because Cooper's ineffective assistance claim is not "substantial." *Id.* at 14. This conclusion follows from the Supreme Court's decision in *Shinn v. Ramirez*, which significantly restricted *Martinez*'s scope. 596 U.S. 366 (2022). *Shinn* held that, unless a petitioner satisfies § 2254(e)(2), a federal court cannot consider evidence outside the state court record "to assess cause and prejudice under *Martinez*." *Id.* at 389. Section 2254(e)(2), in turn, imposes "stringent requirements" on a petitioner seeking to expand the state court record. *Id.* It states that if a petitioner "failed to develop the factual basis of a claim in State court proceedings," a federal court cannot consider new evidence unless the claim relies on either (1) "a new rule of constitutional law" or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). Even if a petitioner satisfies either of these exceptions, he still must show that further factfinding would establish, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the charged offense. *Id.* § 2254(e)(2)(B).

*Shinn* forecloses relief on Cooper's ineffective assistance claim. The state court record contains no evidence about a thirty-year plea offer or counsel's advice about such an offer. (Doc. 8-2.) Thus, Cooper's claim necessarily relies on evidence that was not presented in state court. But § 2254(e)(2) bars me from considering any new evidence. As noted above, § 2254(e)(2) applies to petitioners who "failed to develop the factual basis of [their] claim in State court proceedings." 28 U.S.C. § 2254(e)(2). "[A] failure to develop the factual basis of a claim is not established

3

unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence," as used in § 2254(e)(2), "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

Cooper failed to diligently pursue his ineffective assistance claim in state court. He raised several claims in his Rule 3.850 motion. But he did not bring the claim he seeks to pursue now—namely, that counsel gave him bad advice about a plea offer. (Doc. 8-2, Exs. 22, 24, 28.) Indeed, at no point in the Rule 3.850 proceedings did Cooper allege that a plea offer had been extended, much less that counsel failed to properly advise him about it. Because Cooper did not make "a reasonable attempt to investigate and pursue his ineffective assistance of counsel claim in state court," that claim is subject to § 2254(e)(2).[2] *McNair v. Campbell*, 416 F.3d 1291, 1298 (11th Cir. 2005); *see also Will v. Sec'y, Dep't of Corr.*, 278 F. App'x 902, 907 (11th Cir. 2008) (petitioner "did not sufficiently develop the factual basis of [his] claim in state court" under § 2254(e)(2) because he never "raise[d] before the state habeas court his claim that his trial counsel was ineffective for failing to

---

[2] Cooper appears to contend that he should be excused from § 2254(e)(2)'s "stringent due diligence requirements" because he was pro se during his Rule 3.850 proceedings. (Doc. 17 at 2–3.) But the diligence requirement is not limited to petitioners who were represented by counsel during their state postconviction proceedings. To the contrary, § 2254(e)(2) contemplates a "lack of diligence . . . attributable *to the prisoner* or the prisoner's counsel." *Williams*, 529 U.S. at 432 (emphasis added). Cooper may have faced "limitations . . . in filing a postconviction petition pro se," but "that does not explain the wholesale absence of information" about the alleged plea offer in his state postconviction filings. *Williams v. Jackson*, 964 F.3d 621, 631 (7th Cir. 2020) (petitioner "failed to show the diligence necessary" to satisfy § 2254(e)(2) despite proceeding pro se in state postconviction proceedings).

move to suppress his confession on the basis that he requested, but was refused, counsel during an unrecorded break in his interrogation").

Cooper cannot satisfy § 2254(e)(2)'s stringent requirements. His ineffective assistance claim does not rely on "a new rule of constitutional law," and the "factual predicate" for that claim—counsel's allegedly deficient advice during plea negotiations—was known to him during the Rule 3.850 proceedings. 28 U.S.C. § 2254(e)(2)(A). Moreover, Cooper cannot show that further factfinding on his claim would establish, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of armed robbery and kidnapping. *Id.* § 2254(e)(2)(B).

Thus, Cooper cannot prevail unless he shows that his ineffective assistance claim is "substantial" "considering only the state court record." *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 724 (3d Cir. 2022); *see also Rogers v. Mays*, 69 F.4th 381, 397 (6th Cir. 2023) (noting that the state court record contained "all the evidence we can consider" under *Martinez* because petitioner "ha[d] not satisfied § 2254(e)(2)"); *Apolonio v. Sec'y, Dep't of Corr.*, No. 21-12297, 2022 WL 17411282, at *5 (11th Cir. Dec. 5, 2022) ("We cannot consider [petitioner's] new factual allegation as evidence supporting [his] ineffective assistance claim because [he] has not satisfied the requirements for a federal evidentiary hearing under 28 U.S.C. § 2254(e)(2)."); *Grace v. Sec'y*, No. 8:21-cv-621-MSS-AEP, 2024 WL 492991, at *11 (M.D. Fla. Feb. 8, 2024) (ruling that, because petitioner failed to "meet his heavy burden under [§] 2254(e)(2)," he "must demonstrate deficient performance and prejudice . . . based on the state court record"). Cooper cannot make this showing because his claim finds no support in the state court record. Therefore, *Martinez*

does not excuse the default, and Cooper's sole claim for relief is barred from federal habeas review.[3]

Accordingly, the Court **ORDERS**:

1. Cooper's Amended Petition for Writ of Habeas Corpus, (Doc. 4), is **DENIED**. The **CLERK** is directed to enter judgment against Cooper and in Respondent's favor and to **CLOSE** this case.

2. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Cooper must show that reasonable jurists would find debatable both the merits of the underlying claim and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Cooper has not made the requisite showing. Finally, because Cooper is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**ORDERED** in Tampa, Florida, on December 18, 2024.

Kathryn Kimball Mizelle
United States District Judge

---

[3] Cooper does not contend that the actual innocence exception excuses the default.